UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> ANNA BANKOWSKA, ) <br> ) <br> Defendant(s). ) <br> ) | No. 3-07-70682 BZ <br><br> **DETENTION ORDER** |

On November 20, 2007, I heard the government's motion to detain Anna Bankowska. Defendant was present and represented by Gail Shifman. Assistant United States Attorney Jeffrey Finigan appeared for the United States.

Pretrial Services submitted a report that recommended detention. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Having considered the parties' proffers and the Pretrial Services Report, I find that the government has met its burden of showing by a preponderance of the evidence that the defendant is a flight risk, and that no conditions of release will reasonably assure her appearance in Portland, Oregon to

1

face the current charges. In so finding, I have considered the following factors:

    1. The defendant is charged with violations of Title 18, United States Code, Section 1344 - Bank Fraud; and Title 18, United States Code, Section 1028(A) - Aggravated Identity Theft. If convicted of Aggravated Identify Theft, she faces a mandatory minimum sentence of two years in addition to any sentence which would arise out of a Bank Fraud conviction. The fact that defendant is facing such a substantial sentence provides some incentive to flee.

    2. Defendant's ties with this district are mixed. Defendant's residential history remains unverified. She claims currently to reside with her significant other. However, when interviewed by Pretrial Services, the significant other denied that she lived with him. Defendant also claims to have family ties to the area, but no family members appeared at her detention hearing or offered to act as her surety.

    3. Defendant's employment history is also mixed and for the most part unverified. She claims to have been employed by a company owned by her significant other for the last four years, but her significant other denied to Pretrial Services that such employment existed and stated that he did not think she had ever been employed. Her past criminal history and several websites located by Pretrial Services suggest defendant travels around the country offering her services as an escort or prostitute via internet website advertisements identifying herself as Larissa.

2

1        4.   The government proffered that she is adept at
2   assuming false identities and has access to and makes use of
3   false identification.  The government proffered that she used
4   false identification to access 25 different bank accounts in 9
5   states, and that much of this activity was recorded by bank
6   surveillance cameras.  She appears to have an identity as
7   Janelle Merriam, providing that false ID to police in South
8   San Francisco when pulled over for a vehicle infraction.  The
9   fact that she travels so freely under different identities
10  suggests that she is very capable of assuming a false identity
11  to avoid facing the charges against her in Oregon.
12       5.   The potential co-defendants in this case, who may
13  have provided defendant with her false identification
14  documents, remain at large.  The government proffered that
15  upwards of $194,000 in profits from the alleged bank fraud
16  remain unaccounted for and potentially available to finance
17  flight.
18       6.   Defendant has no ties to the district of Oregon where
19  she is charged.  The risk of flight is heightened by the fact
20  that if released, defendant must travel to Oregon for her
21  initial appearance.
22       7.   I have reservations about the suitability of the
23  sister of defendant's significant other to post security and
24  act as a surety.  The property offered is a rental unit in
25  which no one is currently living.  Such security does not
26  provide much of an incentive for defendant to make her
27  appearances.
28       8.   It also appears that defendant has a substance abuse

3

problem which creates concerns about her reliability in adhering to conditions of release

Accordingly, pursuant to 18 U.S.C. §3142(I), **IT IS HEREBY ORDERED** that until the completion of the criminal proceedings defendant Anna Bankowska is committed to the custody of the Attorney General or his designated representative for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

**IT IS FURTHER ORDERED** that defendant shall be afforded reasonable opportunity for private consultation with counsel, and that upon the order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the person to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 21, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2007\BANKOWSKA.DETENTION.ORDER.wpd